### SMITH v FISHER, et

Common Pleas Court, Logan Co

No 20321.

Hover & Smith, Bellefontaine; Cable & Cable, Lima, for defendants.

Harrison & Marshman, Cleveland, for plaintiff.

### OPINION

By ZUPP, J.

The defendants, Lew Fisher and Oscar Robinson, have demurred to the petition of the plaintiff for the following reasons:

1. The petition does not state facts which constitute a cause of action against these defendants;

2. The defendants, Fisher and Robinson, are improperly joined as parties defendant;

3. The separate causes of action against Fisher and Robinson, and against Lineau, Jr., are improperly joined.

This action is one referred to in the statutes as a wrongful death action and is brought by the Administrator of Robert C. Smith, deceased. There are three defendants, two of whom, Fisher and Robinson, were occupants of a car which collided with the car in which Robert C. Smith was riding as the guest of Lineau, Jr. Smith was killed in the collision. Lineau, Jr., operator of the car occupied by Smith as a guest, is joined as a party defendant with Fisher and Robinson.

Against the defendants Fisher and Robinson, the plaintiff recites numerous specifications of ordinary negligence; against the defendant, Lineau, Jr., the plaintiff recites separate specifications of negligence, including the allegations of "Wanton misconduct." In other words, Fisher and Robinson are apparently charged with ordinary negligence, while Lineau, Jr., is charged with wanton negligence. The plaintiff alleges that his decedent's death was caused by the joint and concurrent negligence of the three defendants herein.

Sec. 6308-6, GC, more commonly known as the "guest law," became ef-

fective June 14, 1933, and reads in effect as follows:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damages arising from injuries to or death of a guest while being transported without payment therefor unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

The allegations against the defendant Lineau are made in the petition to enforce liability as set forth in this section. The degree of care owed plaintiff's decedent by Lineau was different than the degree of care owed plaintiff's decedent by Fisher and Robinson.

What are the implications attending the allegation of "wanton misconduct" against the defendant, Lineau? This question is answered in the opinion of the Supreme Court, commencing on page 572 of **Universal Concrete Pipe Co. v Bassett, 130 Oh St 567**, which reads, in part, as follows:

"In the first place it is difficult of definition, but that is not its cardinal virtue. The unfortunate individual against whom wanton misconduct is charged is deprived of his plea of contributory negligence. He may have a plea of contributory negligence so chock full of merit that it would defeat a particular action for damages for ordinary negligence instanter, but when the party who institutes the action by simple legerdemain places the word 'wanton' before the specifications, the unfortunate defendant is barred of the only meritorius plea he had, and he is driven to the extremity of a general denial,—a most dangerous plea in an action for damages for personal injury."

"That is not the only wallop that little word 'wanton' carries with it. It permits, in addition to compensatory damages, the assessment of punitive damages,—damages by way of punishment, if you please; damages of such nature which, when reduced to judgment, a discharge in bankruptcy can not be had; damages in such an amount as will cure the reckless driver from driving recklessly, and mayhap cure him from driving entirely, for if he must respond in punitive damages, the chances are he will have nothing to drive."

"Wanton misconduct is a veritable Gibraltar against which the storms of excessive damages, passion and prejudice can beat without avail, as no court will attempt to enter a remittitur against a verdict tinctured with punitive damages."

" 'Wantonness' is a synonym for what is popularly known as 'cussedness,' and cussedness is a disposition to perversity."

The Court refers to these quotations for the sole purpose of examining the implications attending an allegation of wanton misconduct.

Counsel opposed to the demurrer cite **Dash v Fairbanks Morse & Co., et 49 Oh Ap 57.** The Syll. reads as follows:

"It is proper in a negligence action to join as defendants, parties who, while travelling in opposite directions on a highway, so negligently operated their automobiles as to cause the plaintiff to veer the course of his automobile off the travelled portion of the highway where it collided with certain objects and caused the injuries set forth in the petition."

In this case, apparently, all the defendants owed the plaintiff the same degree of care and wanton misconduct was not alleged in the petition.

A contrary view, however, was held in **Hudson v Ohio Bus Line Co., 56 Oh Ap 483.** In the Syll. appears the following language:

"Syll. 2. Where a passenger on a bus suffered injuries as a result of a col-

427

lision between the bus and a taxicab which was being driven in opposite directions, the only conclusion justified is that the negligence, if any, was concurrent and not joint, and there can be no joinder of the alleged tort-feasors."

This view seems in accord with 18 Abs 607; 122 Oh St 560 and 106 Oh St 94. The Court, in its opinion, referred to Dash v Fairbank, Morse & Co., et 49 Oh Ap 57, with which it disagreed. The case reported in 49 Oh Ap 57, was decided December 14, 1934, and the latter case, reported in 56 Oh Ap 483, was decided March 22, 1937. In other words there seems to be some disagreement in Ohio as to whether concurrent negligence parties can be joined, where their duty was of a similar character and the degree of care to be used, of the same degree.

Relative to joint liability of parties in a collision, Maloney v Callahan, 127 Oh St 387, decided December 27, 1933, in the opinion at page 391, we find the following observations:

"In the instant cases, the plaintiff and the defendant Isaacs resided in Mahoning County. The petition alleges acts of concurrent negligence of a similar character on the part of the de-defendants, jointly contributing to and proximately causing the collision and resulting injuries, which allegations on their face make such defendants properly joinable in the same action."

Thus, we observe that the negligence complained of was of a similar character on the part of the defendants joined. In the case at bar one defendant is charged with wanton misconduct and two defendants are charged with what is termed as ordinary negligence.

In 30 O. Jur., §46 at p. 769 the following comment appears:

"However, the fact that negligence of two persons is concurrent and related does not enable one injured as a result of such negligence to join such persons as parties defendant unless the negligence is of a joint character. Joint liability for tort only lies where wrongdoers have acted in concert in the execution of a common purpose and the want of care of each is of the same character."

In County Agricultural Society v Brunner, etc., 122 Oh St 561, we note in the Syll. this statement:

"Syll. 3. Joint liability for tort only lies where wrongdoers have acted in concert in the execution of a common purpose and where the want of care of each is of the same character as the want of care of the other."

As we have previously observed in 130 Oh St 567, a party charged with wanton misconduct is deprived of his defense of contributory negligence. The Supreme Court previously, in Payne v Vance, 103 Oh St 59, had held that

"Syll. 4. When defendant's conduct amounts to willfulness, and when injury is occasioned by his conscious wrongdoing, the plaintiff's negligence is no defense."

In Hinkle v Minneapolis A. & C. R. Ry. Co., reported in 202 N.W. at p. 340, decided February 20, 1925, interesting reasoning is found in the Court's opinion. In that region it seems that they have had a more satisfactory experience with "guest laws" and "wanton misconduct." Part of the opinion reads as follows:

"Contributory negligence bars an action based upon ordinary negligence. Contributory negligence has no application where defendant is guilty of wilful and wanton negligence. Such negligence incurs liability irrespective of contributory negligence."

"Willful and wanton negligence is reckless disregard of the safety of the person and property of another by failing, after discovering the peril to exercise ordinary care to prevent the impending injury."

"One is liable for negligence only when such negligence is the proximate cause of the injury. When a defendant is charged with ordinary negligence, contributory negligence is a good defense. Why? The answer is found in proximate cause. In the absence of the doctrine of comparative negligence they are both to blame. When two persons are equally at fault in producing the injury, the law leaves them where it finds them."

"Contributory negligence is not a defense to willful and wanton negligence, for the very simple reason that the parties are not equally delinquent. In such case the negligence of the defendant is the proximate cause of plaintiff's injury, while his negligence is no more than a remote cause."

The proximate cause rule is closely followed in Ohio. Negligence, to produce liability in Ohio, must be the proximate cause of the injury complained of.

In the case at bar, based on the pleadings, plaintiff's negligence, if any, is remote and not the proximate cause of the injury complained of, because he alleges wanton misconduct against the defendant Lineau, Jr. Against the defendants Fisher and Robinson, the plaintiff alleges ordinary negligence. If so, is not their negligence also remote and not the proximate cause of the injury complained of, because of Lineau's alleged wanton misconduct?

The Court has reviewed the authorities at length because counsel have given this case much attention. The question is important and the demurrer searches the record.

On April 1, 1939, the Court of Common Pleas of Hamilton County, in **Annis v Grote, et,** reported in 14 OO 219, decided that:

"Where a guest in an automobile is injured by reason of collision between such automobile of the host and that of another person at intersecting streets, such guest may maintain an action jointly against the host and third person, alleging that the host was guilty of wanton misconduct and that the other party was guilty of negligent conduct in the operation of their respective automobiles."

With this reasoning the Court disagrees. It is impossible for the Court to perceive how any logical construction of our liberal pleading code would permit a joinder of defendants under the circumstances described in the pleadings herein. The liberal pleading code was designed to foster simplicity and dispense with technical procedure in pleading. To authorize a joinder of defendants under the circumstances described in the case as bar, would create confusion, heralding trial chaos.

Accordingly, in the light of the authorities cited, the demurrer is sustained. Exceptions noted.